No. 20,285.

THE ZELLNER MERCANTILE COMPANY, *Appellee,* v. THE PARLIN & ORENDORFF PLOW COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. AGENCY — *Commissions — Instructions.* Instructions concerning the liability of a principal to his agent for commission have been examined, and found to correctly state the law.

2. SAME—*Exclusive Contract Valid—Statute.* Under section 1649 of the General Statutes of 1909, it is not a violation of the law for one to appoint a sole agent for the sale of goods, wares and merchandise in a particular community.

3. APPEAL AND ERROR—*Groundless Complaint.* A complaint that evidence was excluded will not be considered where it appears from the transcript that the evidence was admitted and read to the jury.

4. EVIDENCE—*Sufficiency—Instructions.* On an examination of the evidence and instructions, it is found that the evidence supported the conclusion reached by the jury under the instructions, and that the instructions correctly stated the law.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed July 8, 1916. Affirmed.

*James B. Kelsey,* of Leavenworth, for the appellant.

*S. J. McNaughton,* of Tonganoxie, and *M. N. McNaughton,* of Leavenworth, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against it for commission on the sale of machinery. The plaintiff was engaged in the retail mercantile business at Tonganoxie, and had a hardware and implement department. The

defendant was engaged in the wholesale implement business. The plaintiff was the agent of the defendant at Tonganoxie for the sale of the implements and machinery sold by the defendant, receiving as compensation commission on the sales made by the plaintiff for the defendant. In June or July, 1913, Mr. Gaston, an agent of the defendant, went to the plaintiff's place of business and induced the plaintiff to undertake the sale of a certain ensilage cutter known as the Smalley cutter, and procured an order for one cutter, signed by a clerk in the plaintiff's store. This agent of the defendant, and others who went to the plaintiff's place of business in a short time thereafter, were taken by the plaintiff to various farmers in the country surrounding Tonganoxie, in an effort to sell them this ensilage cutter. In so doing they found that some of the prospective customers desired a different cutter, and that others wanted engines to operate cutters. They began negotations with these farmers looking to the sale of ensilage cutters and engines. Before these negotiations had been completed, the defendant, through its agent, went to other implement dealers in Tonganoxie, and through them sold the cutters and machinery to the prospective purchasers in the country at prices less than those offered by the plaintiff. The plaintiff claimed its commission for these sales. The defendant refused to pay, and the plaintiff brought this action to recover the commission.

1. The defendant contends that the court erred in giving a number of instructions. We have examined these instructions. They concern the liability of a principal to his agent for commissions, where the agent has begun negotiations which finally culminate in a sale of the property of the principal to some third party. Seven different instructions are complained of. We have examined them. They state the law correctly as it has been repeatedly declared by this court. No good purpose will be served by setting out these instructions or any of them in detail.

2. The defendant complains of the refusal of the court to give the following instruction:

"Gentlemen of the jury, you are further instructed that a contract from the Parlin & Orendorff Plow Co., with the Zellner Mercantile Co., to the effect that the Zellner Mercantile Co., should have the exclusive agency to sell the implements of the said Parlin & Orendorff Plow Co., in

Tonganoxie and vicinity, is in restraint of trade and is, therefore, illegal and void."

This matter is governed by section 1649 of the General Statutes of 1909, which reads in part as follows:

"A person, firm, corporation or association of persons doing business in this state shall not make it a condition of the sale of goods, wares or merchandise that the purchaser shall not sell or deal in the goods, wares or merchandise of any other person, firm, corporation, or association of persons, but the provisions of this section shall not prohibit the appointment of agents or sole agents for the sale of, nor the making of contracts for the exclusive sale of, goods, wares or merchandise."

The statute excepts from its provisions such arrangements as were made by the plaintiff with the defendant for the sale of the Smalley cutter.

3. Another of the defendant's complaints is that the court erred in refusing to allow the defendant to introduce the order for an ensilage cutter signed by the plaintiff's clerk, Mr. Young. This order was introduced in evidence and read to the jury. (See pp. 49, 50 of the transcript.) This complaint will not be further considered.

4. Another complaint is that the verdict is contrary to the evidence and the law. The evidence supports the conclusion reached by the jury under the instructions, and the instructions correctly state the law.

The judgment is affirmed.