No. 24,116.

G. A. McConkey and W. E. Milliken, Partners doing business as McConkey & Milliken, Appellees, v. A. L. Smith and R. D. McKay, Partners doing business as The Smith-McKay Motor Company, Appellants.

SYLLABUS BY THE COURT.

Antitrust Statutes Construed—Exclusive Agents to Sell Merchandise—Territorial Infringement—Action for Commissions. The antitrust statutes of this state, General Statutes of 1915, sections 6409 and 6453, are to be construed with section 2045 of the General Statutes of 1915. So construed, they do not forbid contracts for the exclusive sale of merchandise and, under an agreement relating to territorial infringement covering the subject, one firm of automobile distributors may recover a commission for the sale of an automobile by another firm of distributors.

Appeal from Sedgwick district court, division No. 1; Thomas E. Elcock, judge. Opinion filed January 6, 1923. Affirmed.

R. L. Holmes, C. G. Yankey, W. E. Holmes, and D. W. Eaton, all of Wichita, for the appellants.

J. Graham Campbell, and Ray Campbell, both of Wichita, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by a firm of automobile dis-

tributors to recover a commission for the sale of an automobile made by another firm of distributors. The plaintiffs recovered, and the defendants appeal.

The plaintiffs and the defendants are distributors of the Studebaker automobile, the plaintiffs for Eureka and part of Greenwood county, and the defendant for Wichita and part of Sedgwick county. They receive cars under what is designated "Dealer's Agreement" with the Studebaker corporation. The agreement contained the following provision relating to infringement of territory:

"Dealer agrees to solicit no trade nor sell Studebaker automobiles to persons residing outside of dealer's territory, except that should such persons come unsolicited to dealer's place of business to buy automobiles off the floor for immediate delivery, dealer may sell such persons, provided in every such case, dealer must pay the Studebaker dealer in whose territory the customer resides, one-half of dealer's discount profit on such sale. . . .

"It is understood and agreed that this paragraph shall be construed as an agreement between dealer and all other Studebaker dealers who have signed a similar agreement, and that nothing herein contained shall be construed as a liability on the part of the company to dealer for territorial infringement by any other dealer."

The defendants made an unsolicited sale from their salesroom in Wichita to a resident of Eureka, and the action was on the contract for one-half of the discount profit. The defendants say the contract was in restraint of trade, contrary to the statutes relating to trusts and combinations in restraint of trade. (Gen. Stat. 1915, §§ 6409, 6415, 6453.)

Section 6453 is part of the original antitrust act of 1889. Sections 6409 and 6415 are part of the antitrust act of 1897. In 1907, the legislature enacted the following:

"A person, firm, corporation or association of persons doing business in this state shall not make it a condition of the sale of goods, wares or merchandise that the purchaser shall not sell or deal in the goods, wares or merchandise of any other person, firm, corporation, or association of persons, but the provisions of this section shall not prohibit the appointment of agents or sole agents for the sale of, nor the making of contracts for the exclusive sale of, goods, wares or merchandise. Whoever, as principal or agent, violates the provisions of this section shall be punished for the first offense by a fine of not less than fifty nor more than one hundred dollars; and for each succeeding offense by a fine of not less than one hundred nor more than five hundred dollars, or by imprisonment for not more than one year, or by both such fine and imprisonment." (Laws 1907, ch. 139, Gen. Stat. 1915, § 2045.)

The earlier statutes are to be construed with the act of 1907. In

the case of *Mercantile Co. v. Plow Co.*, 98 Kan. 609, 159 Pac. 391, a wholesale implement company appointed an exclusive agent for the sale of farm implements in a restricted territory. The wholesale company made sales within the territory through other agents. This court held the wholesale company was liable to the exclusive agent for commissions on such sales. The decision clearly covers the present case.

The judgment of the district court is affirmed.