No. 30,095.

R. W. SAGE and H. S. BOUGHNER, *Appellees,* v. THE OIL COUNTRY SPECIALTIES MANUFACTURING COMPANY, *Appellant.*

(5 P. 2d 1091.)

Opinion filed December 12, 1931.

*Charles D. Welch,* of Coffeyville, *W. A. Ayres, Austin M. Cowan, C. A. McCorkle, J. D. Fair* and *W. A. Kahrs,* all of Wichita, for the appellant.

*Charles G. Yankey, John L. Gleason, Kenneth K. Cox* and *Harvey C. Osborne,* all of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Plaintiffs, R. W. Sage and H. S. Boughner, brought this action against the Oil Country Specialties Manufacturing Company to recover royalties upon a chain-driven sand reel manufactured by defendant under an agreement with plaintiffs, and also to recover $10,000 on the ground that defendant had made and sold competitive sand reels of a similar kind embodying the principles of the patented invention of plaintiff's reel, and had sold a number of them in contravention of its agreement with the plaintiffs, for which they asked judgment. Plaintiffs' petition was in two counts, the first was for royalties alleged to be due from defendant, and the second, for the making and marketing of sand reels embodying the same principles and serving the same purpose in competition with plaintiffs' patented reel which defendant had agreed to manufacture and sell at a profit to plaintiffs, and had thereby breached its contract with plaintiffs. A motion to make the petition more definite and certain in some particulars was overruled, and this ruling not being a final order is conceded not to be open for review at this time. A demurrer to the second cause of action was presented and overruled and the defendant has appealed from this ruling, claiming that the contract does not prevent the defendant from manufacturing and disposing of a competitive sand reel, and second, if the contract is so interpreted, it should be held to be invalid under the antimonopoly laws of Kansas and of the United States.

It is conceded that a cause of action is stated in the first count of the petition, but there is an insistence by defendant that the second count fails to state any ground of action maintainable against defendant. Both parties agree that the action is not one for the infringement of a patent, and it is the contention of the plaintiffs that the second count states a ground for recovery for breach of the contract between the parties. The provisions of the contract pertinent and most important to the controversy between the parties are:

"The patentees do hereby grant to the company the exclusive right to manufacture and sell said above described device for the full term of the patents granted, and for any extensions of time that may be hereafter granted and they further agree that for said consideration they will and they do hereby grant to the company the exclusive right to manufacture and sell any and all improvements on said device which they may hereafter make or control."

In consideration of the foregoing the company hereby agrees:

"To manufacture sufficient of said sand reels to supply the demand of the trade and to pay to the patentees, as royalty on the first ten (10) of said sand reels manufactured and sold, the sum of one hundred ($100) dollars each and upon the remainder of said sand reels which are manufactured and sold by it, a royalty of fifteen per cent (15%) of its selling price for said sand reels, provided, that if the company shall sell one hundred (100) or more of said reels and less than two hundred (200) in addition to said first ten (10), in any one year, then it agrees to pay, as royalty to the patentees, the sum of fifteen per cent (15%) of its selling price plus five per cent (5%); and if it sells two hundred (200) or more, in any one year, in addition to said first ten (10), then it agrees to pay, as royalty, the sum of twenty per cent (20%) of its selling price and on certain parts of said sand reel (to be agreed upon and designated in writing by the parties hereafter) the company agrees to pay as royalty twenty-five per cent (25%) of its selling price; and it is further agreed that the year for the determination of royalties shall commence on the first day of January, 1921 [1922], said royalties are to become due and payable on the 20th day of each month for all of said sand reels and parts sold during the previous month.

"It is mutually agreed between the parties hereto that they each will endeavor to make the manufacture and sale of said sand reel device a success and a matter of profit to each of the parties, and each of the parties hereto will render the other such assistance as is practical to the end that the handling of said invention and device may be profitable to both parties."

In their petition the plaintiffs state that on the 27th day of December, 1921, when the contract was made, the defendant company was not engaged in the manufacture, sale and distribution of chain-driven sand reels or parts thereof, but that at a time subsequent to that the defendant company commenced the manufacture, sale and distribution of chain-driven sand reels similar in construction, embodying the same general principles and design, and used for like or identical purposes, as that of the patented device involved in the contract; that by the contract the defendant company was appointed and became the agent of plaintiffs in the manufacture, sale and distribution of the patented sand reels and itself engaged in a competitive enterprise, thereby breaching its contract and duty

as an agent of plaintiffs; that there was at all times a great demand by the public for plaintiffs' device, and the introduction of the competitive article has greatly damaged the plaintiffs and put them to a great expense in establishing a demand by the public for their chain-driven sand reels; that from October 31, 1927, to date, the defendant company has sold approximately five hundred of its own chain-driven sand reels, similar to those invented by plaintiffs, and plaintiffs are entitled under the contract to a royalty of $100 for each of the said reels so sold.

There may be grounds for the contention of the defendant that it could not be strictly regarded as an agent of the plaintiffs, but whatever the proper designation of defendant's relation to plaintiffs, the company did enter into a contract with plaintiffs and is necessarily bound by the obligation of that contract. The defendant was given the exclusive right to manufacture and sell the patented sand reel called the S. & B. Chain-Driven Sand Reel, as many of them as would be sufficient to supply the demand of the trade, and would pay the stipulated royalties monthly. It was further agreed that the manufacture and sale would be carried on with an endeavor and to the end that it would make the business a success and a profit to both parties. According to the averments in the petition many S. & B. reels were manufactured and sold subsequent to the making of the contract for which plaintiffs are asking an accounting and a settlement as set out in the first count of the petition. Later, however, the defendant ceased and neglected to make and sell the S. & B. reels, thus to make the business a matter of profit to plaintiffs, and began the manufacture and sale of other reels and parts thereof, embodying the general principles and design of plaintiffs' device, and were manufacturing and selling these for its own profit. When defendant stopped the production of the S. & B. sand reels and began the making and disposition of other reels, it necessarily displaced the S. & B. reels in the market, and obviously breeched its contract to manufacture and sell S. & B. reels sufficient for the demands of the trade and the profit of plaintiffs. When defendant stopped the manufacture and sale of plaintiffs' reels it necessarily stopped the promised profits to plaintiffs. It could not in good faith manufacture and sell the substitute and thus defeat the provisions of the contract. Its course as set forth in the petition evidently was a plan to get rid of the royalty obligation to plaintiffs and thus sell at a lower price and defeat a pro-

vision of the contract. It was easy to convince a customer that the substitute, similar in principle and design, was something equally as good as the S. & B. reel which would cost the customer a higher price. In doing this, they crowded the S. & B. reel out of the market and are attempting to escape the payment of the agreed royalties. Defendant cannot well contend that it is endeavoring to make the business a success and a matter of profit to plaintiffs when it is doing that which necessarily prevents success of the business and destroys any chance of making any profits in it for plaintiffs. The contract to use its best endeavors to promote the success of the enterprise carries with it an implication that it will not do anything to prevent the manufacture and sale of the S. & B. reels or which would defeat the purpose of the parties in the contract they made. It is clear that the facts stated in the petition as to the conduct of defendant, if established by evidence, constitute a breach of its contract with plaintiffs.

There is the further contention that the contract is void in that it gives an exclusive right or agency to manufacture and sell the patented article and thereby operates as an unlawful restraint of trade. In awarding a patent on the device, a monopoly of a kind was created for a time, for the protection of the patentees, and a license of their rights was assigned to the defendant. Defendant was given the exclusive right by plaintiffs to manufacture and sell the reels, and plaintiffs were interested in selecting parties who could and would make the reel according to the designs in the patent and effectively serve the purpose. Nothing in the contract limits the persons to whom sales may be made, nor the territory in which they might be made. It is said that the exclusive right granted is a violation of R. S. 16-112, which provides:

"A person, firm, corporation or association of persons doing business in this state shall not make it a condition of the sale of goods, wares or merchandise that the purchaser shall not sell or deal in the goods, wares or merchandise of any other person, firm, corporation, or association of persons, but the provisions of this section shall not prohibit the appointment of agents or sole agents for the sale of, nor the making of contracts for the exclusive sale of, goods, wares, or merchandise. Whoever, as principal or agent, violates the provisions of this section shall be punished for the first offense by a fine of not less than fifty nor more than one hundred dollars; and for each succeeding offense by a fine of not less than one hundred nor more than five hundred dollars, or by imprisonment for not more than one year, or by both such fine and imprisonment."

That provision and other related statutes were considered in somewhat similar transactions and it was held that a contract for the exclusive right of the sale of merchandise was not unlawful. (*Mercantile Co. v. Plow Co.*, 98 Kan. 609, 159 Pac. 391; *McConkey v. Motor Co.*, 112 Kan. 560, 211 Pac. 631.) The main purpose of the antitrust acts is to prevent a person or an association of persons from gaining control of the market, shutting off competition and fixing prices at will to the prejudice of the public. The protection of the public is the vital thing in the statute. In its argument defendant says:

"Sand reels of various kinds have been manufactured long before plaintiffs' invention, and were and are being manufactured, at all of the times involved in the petition, by others without containing plaintiffs' patented device."

In view of that situation how can the plaintiffs be regarded as occupying a dominant position in the matter of the sale of sand reels, and how can it be said that plaintiffs have a monopoly of the sale of sand reels which would operate as a prejudice to the purchasing public? The exclusive right given defendant does not prevent other dealers from making and selling other competitive sand reels. Under the pleadings it cannot be held that the contract is void under the antimonopoly acts.

The judgment is affirmed.